UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TRUSTEES OF THE BUILDING SERVICES
LOCAL 2 WELFARE FUND AND TRUSTEES OF THE
LOCAL 2 RETIREMENT PLAN AND TRUST FUND

                                                                                       **COMPLAINT**

                        Plaintiffs,
      -against-

1245 AVENUE X a/k/a 1245 AVENUE X c/o
METROPOLITAN PROPERTY SERVICES, INC.,

                        Defendant.
------------------------------------------------------------------x

Plaintiff TRUSTEES OF THE BUILDING SERVICES LOCAL 2 WELFARE FUND AND TRUSTEES OF THE LOCAL 2 RETIREMENT PLAN AND TRUST FUND (hereinafter "Funds"), by its attorneys Barnes, Iaccarino & Shepherd LLP, allege as follows:

### JURISDICTION AND VENUE

1. This action is based on Section 301 of the Labor Management Relations Act of 1947 (hereinafter "Taft-Hartley Act") (29 U.S.C. Section 185) and Sections 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter "ERISA") (29 U.S.C. Sections 1132(a)(3) and 1145).

2. Jurisdiction over this action is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)), and derivative jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under Section 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)), Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185), and 28 U.S.C. Section 1391(b).

4. This is an action brought by the respective Trustees of the Funds, in their fiduciary capacity, for monetary damages, injunctive and other equitable relief under ERISA, and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required contribution reports and/or fringe benefit contributions to the Plaintiffs.

**PARTIES**

5. The Plaintiff Trustees are, at all relevant times, fiduciaries of a jointly administered, multi-employer, labor management, trust funds as defined by Section 3(21)(A) and 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Local No. 2 Building Services Employees & Factory Workers USWU, IUJAT (hereinafter "Union") and various employers, pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the Plan Sponsor within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees, and their dependents, on whose behalf the Employer is required to contribute to the Funds, pursuant to the Collective Bargaining Agreement (hereinafter "C.B.A.") between the Employer and the Union, of which the Funds are third-party beneficiaries. The Funds are authorized to collect fringe benefit contributions, which include but are not limited to payments for life insurance, hospitalization, medical care on behalf of the employees of the Employer, and Plaintiff Trustees, as fiduciaries of

the Funds, are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern employee benefit rights.

7. The Funds' principal office is located and administered at 82-01 Rockaway Boulevard, Ozone Park, New York 11416, County of Queens.

8. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185), which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York. The Union's principal office is located and administered at 82-01 Rockaway Boulevard, Ozone Park, New York 11416, County of Queens.

9. Upon information and belief, Defendant 1245 AVENUE X c/o METROPOLITAN PROPERTY SERVICES INC., (hereinafter collectively referred to as "1245 Avenue X" or "Employer" and/or "Defendant") at all relevant times, was and is an employer, within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145), and was and still is an employer in an industry affecting commerce, within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

10. Upon information and belief, 1245 Avenue X is a for profit, domestic corporation, duly organized and existing pursuant to the laws of, and doing business in the State of New York with its principal place of business located at 1245 Avenue X, Brooklyn, NY 11235.

11. 1245 Avenue X's management company and agent is Metropolitan Property Services, Inc. (hereinafter "Metropolitan"), located at 141-50 85th Rd, Briarwood, NY 11435.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

12.  1245 Avenue X executed a Collective Bargaining Agreement (hereinafter "C.BA.") through their managing agent, Metropolitan, with the Union and/or was and still is a party to a C.B.A. with the Union.

13.  1245 Avenue X does not dispute the authority of Metropolitan to enter into the C.B.A with the Union as its agent.

14.  The C.B.A. and/or Trust Indentures requires 1245 Avenue X to submit contribution reports for each employee that has worked and the amount of welfare and pension contributions (hereinafter "contributions") due as set forth by the C.B.A. and to remit the fringe benefit contribution in accordance with the C.B.A. and the rules and regulations established in the Trust Indentures.

15.  Upon information and belief, as a result of the work performed by the individual employees of the Employer pursuant to the C.B.A., there became due and owing to the Funds, from the Employer contributions and reports.

16.  1245 Avenue X has failed, neglected, and refused to remit to the Fund the report and contributions due and owing under the C.B.A. and in accordance with the Trust Indentures.

17.  1245 Avenue X owes the Funds in the minimum amount of $37,796.88, ($33,800.00 in welfare contributions for the period January 2017 through to May 2018 and $3,996.88 in pension contributions for the period February 2017 through to March 2019.)

18.  1245 Avenue X failure, neglect, and refusal to remit the proper contributions to Plaintiffs constitutes a violation of the C.B.A. between the Employer and the Union, wherein the Fund is a third-party beneficiary.

19. Pursuant to the C.B.A., all delinquent contributions to the Funds shall bear interest, attorney fees and liquidated damages

20. Accordingly, the Defendant is liable to the Plaintiffs for contribution reports and fringe benefit contributions in the minimum amount of $37,796.88 in unpaid welfare and pension contributions, plus liquidated damages, interest, attorney fees and court costs and disbursements.

## AS AND FOR A SECOND CLAIM FOR RELIEF

21. The Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "20" of this Complaint as if fully set forth herein.

22. Section 515 of ERISA (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with Collective Bargaining Agreements and Trust Indentures.

23. 1245 Avenue X has failed to pay or timely pay fringe benefit contributions to Plaintiffs, owed as a result of the work performed by the employees of 1245 Avenue X. Such failure to make timely payments, constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

24. Section 502 of ERISA (29 U.S.C. Section 1132) provides that, upon an Employer violation of Section 515 of ERISA (29 U.S.C. 1145), which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the C.B.A, a court shall award payment to a fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due, both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorney fees and costs and disbursements.

25. 1245 Avenue X's failure to pay contributions has injured the Funds by delaying the investment of fringe benefit contributions and causing unnecessary administrative costs for the

Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

26. Accordingly, 1245 Avenue X is liable to the Plaintiffs under the C.B.A. and any Trust Indenture concerning the payment of fringe benefit contributions and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

27. Accordingly, 1245 Avenue X is liable to Plaintiffs for contribution reports and fringe benefit contributions in the minimum amount of $37,796.88 in unpaid contributions plus liquidated damages, interest, reasonable, attorney fees, and court costs and disbursements, pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF

28. Plaintiff repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "27" of this Complaint as if fully set forth herein.

29. Pursuant to ERISA, the C.B.A. and/or Trust Indenture, an employer is required to timely submit fringe benefit contributions and contribution reports to the Funds.

30. Upon information and belief, 1245 Avenue X has in the past failed to timely submit current fringe benefit contributions and contribution reports to the Plaintiffs, and is in breach of the statutory obligations under ERISA, the C.B.A and Trust Indenture.

31. During the course of this action, additional fringe benefit contributions and/or delinquency charges may become due and owing. If 1245 Avenue X fails to pay these additional fringe benefit contributions and/or delinquency charges, those additional amounts must be included, as part of this action, at the time of trial or judgment, whichever is later.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

32. The Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "31" of this Complaint as if fully set forth herein.

33. The financial integrity of the Funds and the allocation of proper eligibility and credit to the members are determined and based upon prompt and accurate remittance of contribution reports and fringe benefit contributions from the Employer.

34. Plaintiffs have no adequate remedy at law to ensure that 1245 Avenue X will adhere to its continuing statutory and contractual obligations.

35. The failure of 1245 Avenue X to promptly remit payment to the Funds will cause the Funds immediate and irreparable injury unless 1245 Avenue X and its officers, agents, and servants are enjoined from failing, neglecting, and/or refusing to submit the required current fringe benefit contributions and contribution reports to the Plaintiff.

36. By reason of the foregoing, the Plaintiffs are entitled to a permanent injunction enjoining 1245 Avenue X from any further or future violations of this or subsequent C.B.A.s with the Union, as such agreements apply to the obligations of the Employer to the Plaintiffs herein.

**WHEREFORE**, Plaintiffs respectfully pray for judgment against the Defendants as follows:

**On the First and Second Claim for Relief:**

    (a) In the minimum amount of $37,796.88 in unpaid welfare and pension contributions plus interest and liquidated damages;

    (b) Attorneys' fees, statutory damages, court costs, and disbursements incurred as set forth in the Collective Bargaining Agreement, and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D);

**On the Third Claim for Relief:**

(a) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of this action, which amount shall include the principal plus interest and liquidated damages;

**On the Fourth Claim for Relief:**

(a) A permanent injunction enjoining 1245 Avenue X, its officers, directors, agents, and representatives from violating the terms of this or successive Collective Bargaining Agreements and/or Declarations of Trust, as they relate to Plaintiff herein, including but not limited to the reporting and paying of all fringe benefit contributions in a timely fashion;

**On All Claims for Relief:**

(a) For such other and further relief as the Court deems appropriate.

Dated: Hempstead, New York
       April 11, 2019

Respectfully submitted,
BARNES, IACCARINO, & SHEPHERD, LLP

_____
Danielle M. Carney, Esq.
Attorneys for the Plaintiffs
3 Surrey Lane, Suite 200
Hempstead, NY 11550
(516) 483-2990